UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Thompson,  Civil No. 11-1704 (DWF/JFD)

    Plaintiff,

v.  **ORDER**

Cal R. Ludeman, et al.,

    Defendants.

This matter was stayed over a decade ago pending the resolution of *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL). Judgment has now been entered in *Karsjens*, and accordingly, the stay of this matter has now been lifted.

At the time that the stay was imposed, three motions remained pending: (1) a motion of plaintiff Joseph Thompson for the Court to take judicial notice of facts pursuant to Fed. R. Evid. 201, *see* Doc. 27; (2) Thompson's motion for a temporary restraining order ("TRO") and preliminary injunction, *see* Doc. No. 34; and (3) Defendants' motion to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, *see* Doc. No. 15. Also pending at the time that the stay was imposed was a Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes

recommending that the motion to take judicial notice be denied[1] and that the motion to dismiss be granted in part and denied in part.  *See* Doc. No. 39.

Since the time that the stay was first imposed in this matter, much about the state of the law relevant to this case has changed — not least of which, judgment has been entered in *Karsjens*, a matter in which at least some of the same claims appear to have been litigated.  Thompson was a member of the class represented in *Karsjens*, and it therefore appears that the doctrine of res judicata may partly bar litigation of some of the claims raised in the complaint.  Moreover, while new arguments may have become available to the defendants, several arguments made in the motion to dismiss may no longer be applicable to this proceeding.  For those reasons, Defendants' motion to dismiss will be respectfully denied.  Similarly, the Court does not believe the R&R recommending partial granting and partial denial of the motion to dismiss, though well-reasoned and thoughtful, reflects the current state of the law.  Accordingly, the Court will vacate the R&R.  Defendants must file an amended motion to dismiss or responsive pleading within 90 days of the date of this order.

Judge Keyes had also recommended in the R&R that Thompson's motion to take judicial notice be denied as moot.  *See* Doc. No. 39 at 90 n.20.  Although the R&R has been vacated and therefore cannot be adopted, the Court agrees independently with the

---

[1]   The motion to take judicial notice also included a request from Thompson that he be appointed counsel to represent him in this proceeding.  Judge Keyes recommended that Thompson be referred for volunteer attorney assistance; that referral did in fact occur, and Thompson since that time has been represented by counsel.  The Court therefore regards this aspect of Thompson's motion as moot.

rationale offered by the R&R in recommending denial of the motion. Accordingly, that motion will be denied.

Finally, a few weeks prior to entry of the stay, Thompson requested that the Court impose a TRO or preliminary injunction directing the Minnesota Sex Offender Program ("MSOP") to alter several policies or aspects of the conditions then present at MSOP. This motion was not addressed by the R&R.

The movant bears the burden of establishing that he is entitled to the extraordinary remedy of preliminary injunctive relief. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). In considering whether to grant a TRO motion, the Court must consider the following: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits and (4) the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *Amen El v. Schnell*, No. 20-CV-327 (DSD/ECW), 2021 WL 651472, at *2 n.4 (D. Minn. Feb. 19, 2021) (noting that the *Dataphase* factors apply to motions for a TRO and motions for a preliminary injunction).

The first factor is largely determinative here. *See Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 893 (8th Cir. 2013) (noting that a "failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." (quotation omitted)). Thompson cannot currently demonstrate a threat of irreparable harm because he is no longer subject to the conditions or policies at MSOP for which he sought immediate cessation. *See* Doc. No. 68 (notice of change of address indicating that

Thompson has been transferred from MSOP to prison). Nothing about Thompson's current circumstances will change regardless of whether the motion for a TRO or preliminary injunction is granted, as Thompson is now subject to entirely different policies and conditions at an entirely different facility operated by an entirely different department of the State of Minnesota. Accordingly, the motion for a TRO and for a preliminary injunction will be denied, and judgment will be entered with respect to the denial of that motion.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation of January 11, 2012 (Doc. No. [39]) is **VACATED.**

2. Defendants' motion to dismiss (Doc. No. [15]) is **DENIED WITHOUT PREJUDICE.**

3. The motion for a temporary restraining order and preliminary injunction of plaintiff Joseph Thompson (Doc. No. [34]) is **DENIED.**

4. Thompson's motion to take judicial notice (Doc. No. [27]) is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 5, 2022            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge